

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| TERESINE TARVER | CIVIL ACTION NO: 11-00219 |
| VERSUS | JUDGE DONALD E. WALTER |
| SOCIAL SECURITY ADMINISTRATION | MAG. JUDGE KAREN L. HAYES |

## ORDER

Before the Court is a Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA") [Doc. #19] filed by Plaintiff Teresine Tarver. The Government does not oppose this motion.

It appears beyond debate that Plaintiff is the prevailing party in this matter. Pursuant to 28 U.S.C. §2412(a)(1), costs may be awarded to the prevailing party but shall "be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation." Likewise, § 2412(d)(1)(A) provides that "a court shall award to a prevailing party other than the United States fees and other expenses... incurred by that party in any civil action[.]" "'[F]ees and other expenses' includes ... reasonable attorney fees," which "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." See 28 U.S.C. § 2412(d)(2)(A).

An award of attorney's fees in excess of the maximum statutory hourly rate is discretionary. *Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir. 1988). Although the statute does not require that a court adjust the hourly rate for cost of living, it clearly allows for such an adjustment. *See Washington v. Barnhart*, 93 F. App'x 630, 631 (5th Cir. 2004) (citing *Baker*, 839 F.2d at 1084). Here, Plaintiff has requested attorney's fees at a rate of $150 per hour, based

on a cost-of-living adjustment.[1] "When determining attorney's fee awards under the EAJA, courts must consider the dual purposes of ensuring representation for those who need it and minimizing the cost of such representation to the taxpayers." *Williams v. Barnhart*, 206 F. App'x 378, 379 (5th Cir. 2006) (internal citations omitted). In deference to that balance, the Court finds that a rate of $150 per hour is reasonable for this division.

Plaintiff's final argument, that an award should be made payable to Plaintiff's counsel rather than Plaintiff, lacks merit. Pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521, 2526, 177 L. Ed. 2d 91 (2010), "[t]he fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney." Accordingly, this award will be made payable to Plaintiff as the prevailing party, subject to any administrative offset if the litigant has outstanding federal debts.

Therefore, upon due consideration, Plaintiff's Motion for Attorney's Fees is hereby **GRANTED**. Plaintiff is awarded $5,295.00 in attorney's fees, $350 in filing fees and $45.33 in expenses, for a total award of **$5,690.33**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 10th day of August, 2012.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[1] Doc. #19-3, ¶ 6 ("Declaration of Sarah H. Bohr").